IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAY ABBS, | § | |
| Petitioner, | § § § | |
| v. | § | 2:11-CV-0096 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Neal Unit in Potter County, Texas pursuant to a September 2, 2005 conviction for the second degree felony offense of sexual assault of a child age 14-17 out of Harris County, Texas, and the resultant 8-year sentence. *See State v. Abbs*, No. 978,453. By his habeas application, petitioner challenges four (4) prison disciplinary proceedings conducted at the Neal Unit whereby petitioner lost, respectively, 30, 45, 60 and 180 days previously accrued good time credits as punishment. Three (3) disciplinary cases were brought for petitioner's failure to attend a required treatment program, to wit: "psych ed class" #51 (twice) and #59, and one disciplinary case was brought for petitioner's failure to appear for a scheduled "lay-in" appointment.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, <u>at a minimum</u>, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner

indicated both that he is and is not eligible for mandatory supervised release, including as explanation that his "mandatory supervised release [is] under special review." A review of the Offender Information Detail maintained by the Texas Department of Criminal Justice, however, indicates petitioner is incarcerated on his conviction for a 1997 sexual assault of a child age 14-17 offense, a second degree felony.[1] A prisoner who commits the second degree felony offense of sexual assault after September 1, 1987 is <u>not</u> eligible for mandatory supervised release. Tex. Gov't Code § 508.149(a)(5) (formerly Tx. Crim. Proc. Ann. art. 42.18 § 8(c)(4)). Since petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RAY ABBS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___17th___ day of May 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Offender Information Detail additionally shows petitioner's maximum sentence date is the same as his projected release date, further indicating petitioner is not eligible for mandatory supervised release.

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).